IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DETRON PERRY,

               Petitioner,

vs.

STATE OF NEBRASKA,

               Respondent.

**8:25CV337**


**MEMORANDUM AND ORDER**

      This matter is before the Court on Petitioner Detron Perry's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on May 9, 2025. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court will dismiss the petition without prejudice because Petitioner has not exhausted his state court remedies.

## I. BACKGROUND

      Petitioner alleges he was convicted in case number CR22-267 in the District Court of Sarpy County, Nebraska, of felony flight to avoid arrest, a class IV felony, and driving under suspension, a class III misdemeanor. Filing No. 1 at 1. On March 12, 2024, the state district court sentenced Petitioner to 5 years' probation. Filing No. 1 at 1. Petitioner appealed, claiming the state district court erred in overruling his motion to suppress and there was insufficient evidence to support either his driving under suspension or flight to avoid arrest convictions. Filing No. 1 at 2. On March 14, 2025, the Nebraska Supreme Court rejected Petitioner's claims on the merits, but determined the state district court plainly erred by not imposing a two-year license revocation as part of Petitioner's sentence for flight to avoid arrest,

and remanded the matter for resentencing. *State v. Perry*, 17 N.W.3d 504 (Neb. 2025); *see also* Filing No. 1 at 2. In a brief filed with his petition, Petitioner indicated he was scheduled for resentencing in the state district court on June 24, 2025. Filing No. 2 at 1. Petitioner alleges he has not filed a motion for postconviction relief. Filing No. 1 at 3, 6. Petitioner's state court records, available to this Court online, show that Petitioner's resentencing has been continued to October 7, 2025.[1]

Liberally construed, and condensed and summarized for clarity, Petitioner raises the following claims in his habeas petition and accompanying brief filed in this Court: (1) the traffic stop leading to Petitioner's arrest and the use of the evidence obtained as a result of the stop violated the Fourth Amendment; (2) the traffic stop was the result of racial profiling in violation of the Fourteenth Amendment; (3) Petitioner's convictions rest on insufficient evidence; (4) Petitioner received ineffective assistance of counsel because counsel failed to (a) adequately challenge the legality of the stop, (b) introduce critical video evidence supporting Petitioner's claim, (c) properly cross-examine the arresting officer, and (d) object to the prosecution's improper arguments.

## II. DISCUSSION

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

---

[1] This Court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Perry*, No. CR22-267, District Court of Sarpy County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i) there is an absence of available State corrective process; or
>
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

3

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that Petitioner did not exhaust his available state court remedies *before* filing his habeas case in this forum. While Petitioner prosecuted a direct appeal to the Nebraska Supreme Court, the matter was remanded to the state district court and remains pending for Petitioner's resentencing. Moreover, Petitioner acknowledges there are claims in his petition that have not been presented in state court due to the ineffectiveness of his counsel. *See* Filing No. 1 at 12. Indeed, Petitioner asserts a claim of ineffective assistance of counsel, but he alleges he was represented by the same counsel at trial and on appeal. Filing No. 1 at 13. Petitioner has not filed a motion for postconviction relief in the state district court, *see* Neb. Rev. Stat. 29-3001, which is a remedy available to him in order to litigate his ineffective assistance of counsel claims. *See State v. Lessley*, 978 N.W.2d 620, 636 (Neb. 2022) ("[W]hen, as here, the defendant is represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief."); *State v. Allen*, 919 N.W.2d 500, 510–11 (Neb. 2018) (same). Consequently, Petitioner's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this Court for failure to exhaust. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Petitioner at least implicitly acknowledges that he had not exhausted his available state remedies when he filed his petition since he alleged he was awaiting resentencing and his counsel had failed to raise certain claims on

direct appeal. Liberally construed, Petitioner's allegations may suggest his habeas petition is a "mixed" petition. "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019). When faced with a mixed petition, district courts have four options available: dismiss the petition without prejudice, stay the petition pending the outcome of state proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005), allow the petitioner to delete all unexhausted claims and proceed on the remainder, or—if the unexhausted claims are meritless—deny them under 28 U.S.C. § 2254(b)(2). *See Rhines*, 544 U.S. at 277–78.

Assuming that the habeas petition is a "mixed petition," the Court concludes a stay pursuant to *Rhines* would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. Petitioner's conviction for felony flight to avoid arrest is not yet final for purposes of the one-year federal habeas statute of limitations as his criminal case remains pending in the state district court for his resentencing on that conviction. *See Haynes v. Hansen*, No. 8:19CV87, 2019 WL 2582559, at *3 (D. Neb. June 24, 2019) (where petitioner's sentence for stalking was vacated on appeal and remanded for resentencing, "the state-court judgment for his stalking conviction did not become final until the deadline passed for [petitioner] to appeal his new sentence"). Petitioner's conviction for driving under suspension became final on June 12, 2025, when the 90-day period for Petitioner to seek direct review in the United States Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"); *King v. Hobbs*, 666 F.3d

5

1132, 1135 (8th Cir. 2012) ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Thus, Petitioner has at least until June 12, 2026, to file a federal habeas petition with respect to his driving under suspension conviction. *See* 28 U.S.C. § 2244(d)(1)(A). In addition, pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." In other words, if Petitioner files a timely state postconviction motion,[2] the one-year statute of limitations for filing a federal habeas petition will be tolled while his state postconviction proceedings are pending. Thus, dismissing this federal petition for habeas relief will not prejudice Petitioner's ability, upon exhaustion of his available state remedies, to file a timely petition for federal habeas review as appropriate.

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the

---

[2] In Nebraska, a one-year period of limitation applies to the filing of a postconviction motion which runs from the later of five specified dates including "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal." Neb. Rev. Stat. § 29-3001(4)(a). "[F]or purposes of § 29-3001(4)(a), the conclusion of a direct appeal occurs when a Nebraska appellate court issues the mandate in the direct appeal." *State v. Koch*, 933 N.W.2d 585, 589 (Neb. 2019). Petitioner's state court records indicate the Nebraska Supreme Court issued the mandate in Petitioner's direct appeal on March 28, 2025.

merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.     The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.     A judgment will be entered by separate document.


Dated this 22nd day of September, 2025.


BY THE COURT:

John M. Gerrard
Senior United States District Judge

7